RANDY S. GROSSMAN
United States Attorney
PHILLIP N. WALTERS
Special Assistant U.S. Attorney
California Bar No. 319493
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-8982
Email: phillip.walters@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 22-CR-1300-TWR |
|---|---|
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| WILLIAMS CORONA FELIX (2), | |
| Defendant. | |

The United States of America respectfully requests that the Court sentence Defendant Williams Corona Felix to a thirteen-month custodial sentence, three years on supervised release, and a $100 special assessment. The United States files this Sentencing Memorandum in support of its recommendation for safety valve under U.S.S.G §§ 2D1.1(b)(18), 5C1.2 and a two-level Minor Role reduction, under U.S.S.G. § 3B1.1.

**I**

**STATEMENT OF THE FACTS**

The United States incorporates the facts summarizing the offense set forth in the Pre-Sentence Report ("PSR"). ECF No. 39 at ¶¶ 1-11 and 76-85. At the Government's request, Defendant provided additional information regarding the circumstances surrounding his

participation in a proffer letter. The United States believes that Defendant provided a complete and truthful recounting of his participation in the offense.

Defendant stated that he worked as a commercial fisherman in Sinaloa, Mexico. He stated that he was raised by his biological grandparents and that he has been a commercial fisherman since he was eight years old. Defendant stated that over the past two years, commercial fishing operations have decimated the local fish population in Sinaloa. Defendant stated that he and his uncle, the co-defendant in this case, met an individual who recruited them to transport marijuana for a large amount of money. Co-defendant, in his proffer letter to the government, stated that the individual offered to pay both of them a total of $5,000 to transport the marijuana. Defendant stated that he and his co-defendant met with the individual in person only one time. Defendant stated that the individual arranged their air travel to Tijuana, Mexico, where they then traveled to the location where the panga vessel was located. Defendant stated that his role in the transportation was use a compass to navigate from Mexico to the United States. Defendant stated that he navigated while his uncle drove the boat. Defendant also stated that he does not know any other individuals involved in drug transportation and that this instance was his only involvement in this type of offense. Defendant stated that he had no other role in the coordination of transporting said marijuana.

## DISCUSSION

The Government recommends a reduction for safety valve and a downward adjustment for minor role. The Sentencing Guidelines allow for a two-level decrease in the offense level if a defendant meets the criteria for Limitation on Applicability of Statutory Minimum Sentences in Certain Cases, also known as "safety valve." U.S.S.G. § 2D1.1(b)(18).

The safety valve criteria are as follows:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

2

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provide to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(1)–(5).

"The initial burden is incontestably on the defendant to demonstrate by a preponderance of the evidence that he is eligible for the reduction." *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996); *United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007) (the defendant bears the burden of proving safety valve eligibility by a preponderance of the evidence); *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir. 1990) (Guidelines should "only be subject to adjustment when adjustment is merited" by "sufficient evidence to support that claim"). And to satisfy safety valve's "tell all you can tell" fifth criterion, a defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense." *Shrestha*, 86 F.3d at 939 (internal quotations omitted); U.S.S.G. § 5C1.2(a)(5). Only if the defendant can make the requisite showing does the burden shift to the United States to show that the information supplied is "untrue or incomplete." *Shrestha*, 86 F.3d at 940.

Similarly, "[t]he defendant bears the burden of proving that he is entitled to a downward adjustment based on his role in the offense." *United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006) (citation omitted). To carry this burden, the Defendant must prove by a preponderance of the evidence that he was "*substantially less culpable* than the average participant." *United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014)

22-CR-1300-TWR

(emphasis in the original) (citation omitted); *see United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994). The relevant pool for comparison is "all actors who participated" in the "specific criminal scheme" if the court finds "sufficient evidence of their existence and participation." *United States v. Rojas-Millan*, 234 F.3d 464, 473-74 & n.5 (9th Cir. 2000).

The Guidelines Commentary also provides a non-exhaustive list of factors for courts to consider when determining whether minor role is appropriate:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2 cmt. n.3(c)(i-v).

The Ninth Circuit held that courts "should consider all of the factors" in this non-exhaustive list when determining a defendant's role. In *United States v. Diaz*, 884 F.3d 911 (9th Cir. 2018), the Ninth Circuit reaffirmed that "when measuring a defendant's culpability relative to that of other participants, district courts must compare the defendant's involvement to that of all likely participants in the criminal scheme," even if they are unnamed. *See id.* at 916-17. *Diaz* also noted that "when a defendant knows little about the scope and structure of the criminal enterprise in which he was involved, that fact weighs in favor of granting a minor-role adjustment." *Id.* at 917. The Sentencing Guidelines Commentary explains that "a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs that the defendant personally

transported or stored may receive an adjustment under this guideline." USSG § 3B1.2 cmt. n.3(a).

Defendant has satisfied each criterion for safety valve. First, Defendant was open and truthful in his proffer letter to the Government. In the letter, Defendant discussed the circumstances leading up to the arrest and the plan that was provided to him by the individual who recruited both Defendant and his co-defendant. Defendant was forthcoming in his proffer letter by stating that he was told to navigate the boat from Mexico into the United States using a compass. Additionally, Defendant also stated that the co-defendant, his uncle, was not involved in the planning of the marijuana transportation. Of note, no violence was used during Defendant's participation in this offense, and the offense did not result in serious bodily injury to any person. Lastly, neither Defendant nor his co-defendant were an organizer or leader in the offense.

Defendant admitted to being paid $5,000 for both him and his co-defendant to transport marijuana from Ensenada to the United States. Defendant also admitted that he was not involved in the planning of the marijuana transportation. Based on the information provided by Defendant, the recruiter withheld details from both Defendant and his uncle and instructed both defendants on how to transport the marijuana. Because Defendant had a limited role in only navigating the boat, it is appropriate that he receive an adjustment for both minor role and safety valve. Further, because Defendant has been forthcoming in telling the government about the circumstances surrounding his participation in this offense, he should receive a downward departure for safety valve.

In fact, because Defendant's recruiter purposely kept planning details from both him and his co-defendant, Defendant was substantially less culpable than his recruiter and the participants who loaded the vehicle. Defendant's involvement appears "limited to transporting . . . drugs", and it appears that he "is accountable under § 1B1.3 only for the quantity of drugs that [he] personally transported." USSG § 3B1.2 cmt. n.3(a). Considering his young age, the government believes that Defendant is not only substantially less culpable than others similarly situated, but that he also qualifies for a variance based off his

22-CR-1300-TWR

young age and his involvement being limited to the recruitment by the previously mentioned individual. As stated in the PSR, Defendant has a family in Mexico whom he supports and does not have any prior convictions. In light of Defendant being recruited at a young age, his family, and his desire (as demonstrated in the PSR) to move forward from this conviction, a proposed sentence below the guidelines is sufficient, but not greater than necessary, to deter Defendant from committing a similar crime in the future, while also promoting respect for the law.

**III.**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court impose a thirteen-month custodial sentence, three years on supervised release, and a $100 special assessment.

DATED: October 6, 2022          Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/ *Phillip N. Walters*
PHILLIP N. WALTERS
Special Assistant U.S. Attorney

22-CR-1300-TWR